Lisa R. Petersen (7598)
COHNE KINGHORN PC
111 East Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELISE GUBLER, and DOES 1-100 whose true names are unknown, each an individual. <br><br> *Plaintiffs,* <br><br> v. <br><br> H & L RESTAURANTS, INC. d/b/a IGGY'S - CENTERVILLE, a Utah corporation, DAVID IPAKTCHIAN, an individual, and LOLA IPAKTCHIAN, an individual, <br><br> *Defendants*. | **COMPLAINT** <br><br> Civil No. 1:20-cv-00040-HCN <br><br> The Honorable Howard C. Nielson, Jr. <br><br> **JURY DEMAND** |

Elise Gubler, an individual, and Does 1-100 whose true names are unknown, each an individual, (collectively and individually "Plaintiffs") by and through counsel, hereby complain and allege against H & L Restaurants, Inc. d/b/a Iggy's – Centerville, a Utah corporation, David Ipaktchian, an individual, and Lola Ipaktchian, an individual (individually and collectively "Defendants") as follows:

## PARTIES

1. Elise Gubler is an individual who resides at 35 South 300 East, Farmington, UT 84025.

2. H & L Restaurants, Inc., is a Utah corporation whose registered agent address is 617 E Windsor Ln., Layton, UT 84106 and whose primary place of business, upon information and belief, is 10631 Holiday Park Dr., Sandy, UT 84070.

3. Iggy's – Centerville is a DBA name registered in the State of Utah which is owned and used by H & L Restaurants, Inc., and whose registered agent address is 111 Brickyard Road, Suite 206, Salt Lake City, UT 84106.

4. Iggy's – Centerville and H & L Restaurants, Inc., are one and the same entity ("H&L").

5. David Ipaktchian is an individual who, upon information and belief, resides at 617 Windsor Ln., Kaysville, UT 84037 and is, upon information and belief, an owner and president of H&L.

6. Lola Ipaktchian is an individual who, upon information and belief, resides at 1911 South 910 West, #C, Syracuse, UT 84075 and is, upon information and belief, an owner, director, and corporate secretary of H&L.

7. Does 1-100 are former employees of H&L whose true names are unknown.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and/or 29 U.S.C. § 201, *et seq*.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Defendants reside in Utah and H & L maintains its principal place of business in Sandy, Utah.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action took place in Sandy, Utah.

## FACTS

11. For all purposes of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), H&L was a covered enterprise.

12. H&L is an employer within the meaning of the FLSA.

13. Upon information and belief, David Ipaktchian and Lola Ipaktchian are owners of H&L.

14. Upon information and belief, David Ipaktchian is, and during all relevant times was, an officer of H&L and exercises control over significant aspects of both the day-to-day and high-level management of H&L.  Upon information and belief, such control extended to hiring, firing, paying, and otherwise compensating employees.

15. Upon information and belief, Lola Ipaktchian is, and at all relevant times was, an officer of H&L and has exercised control over significant aspects of both the day-to-day and high-level management of H&L.  Upon information and belief, such control extended to hiring, firing, paying, and otherwise compensating employees.

16. At all times while employed by H&L, Plaintiff was a non-exempt employee within the meaning of the FLSA.

17. Defendant did not properly pay Plaintiff overtime wages as provided by the FLSA or by Utah law.

18. Plaintiff began working for H&L on or about May 17, 2018.

19. Plaintiff was hired as a Front of House Manager.

20. Plaintiff's job duties included:

   a. Training and coaching servers and hosts;

   b. Providing customer service to restaurant guests;

   c. Assisting with taking food orders and food running;

   d. Opening and closing the restaurant including doing daily paperwork.

21. Plaintiff's job duties did not include:

   a. Hiring employees;

   b. Firing employees;

   c. High-level management or the management of the enterprise.

22. Plaintiff was not authorized to hire, fire, suspend, or discipline employees.

23. Plaintiff was paid $4,000 per month, in two $2,000 installments per month. Based on a 40-hour workweek, this equates to a regular pay rate of approximately $25.00 per hour.

24. Plaintiff would regularly work more than 40 hours in any single workweek for the Defendant. Plaintiff is entitled, under the FLSA, to be paid for hours worked in excess of 40 each workweek, at a rate of time and one-half her normal rate of pay.

25. Time and one-half of Plaintiffs' normal rate of pay is approximately $37.50 per hour.

26. Defendant failed to ever pay plaintiff for any overtime hours worked. Plaintiff estimates the total number of unpaid overtime hours to be greater than 493. The overtime pay for those hours would exceed $18,514 when paid at time and one-half as required by the FLSA.

27. Defendant owes Plaintiff unpaid overtime wages for at least 493 hours of overtime worked because Plaintiff worked an estimated total of 493 hours in excess of a 40-hour workweek over the period of time ranging from May 17, 2018 through May 1, 2019.

28. Plaintiff thus estimates the total amount of unpaid overtime wages to be in excess of $18,514.

29. Plaintiff does not meet, and has not at any relevant time met, any of the exemptions under the FLSA and is thus entitled to all overtime pay.

30. Plaintiff, through counsel, has reached out to Defendant in multiple attempts to recover the unpaid overtime and Defendant has refused to compensate Plaintiff in compliance with the FLSA.

31. Defendant failed to pay Plaintiff on time on more than one occasion. This put the wages paid to Plaintiff below the requirements of the minimum wage mandates of the FLSA during these periods.

32. Plaintiff is part of a separate ongoing action against Defendant in Utah State Court (Case No. 190700622) seeking *inter alia* recovery of unpaid wages, unpaid accrued vacation time, and statutory penalties.

33. The exact amount of Plaintiff's damages is unknown but, upon information and belief, likely exceeds $18,514, not including any liquidated damages, attorneys' fees, or other relief to which Plaintiff may be entitled under the FLSA or any other applicable law.

34. H&L is in control of much of the relevant information which will be necessary to calculate the exact amount of unpaid overtime owed to Plaintiff, such as historical time records and historical payroll records.

## FIRST CAUSE OF ACTION
**(Violation of the FLSA)**

35. Plaintiff realleges and incorporates the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

36. The FLSA requires covered employers to pay a minimum wage and overtime wages to non-exempt employees.

37. Plaintiff was a non-exempt employee during the entire duration of her employment with H&L.

38. While working for H&L, Plaintiff often worked beyond a 40-hour workweek and Defendant has repeatedly failed to pay Plaintiff overtime pay pursuant to the FLSA. Plaintiff estimates that Plaintiff has worked more than 493 hours of overtime between May 17, 2018 and May 1, 2019.

39. H&L has not compensated Plaintiff for any of the roughly 493 hours of overtime worked, for which it owes Plaintiff at least $18,514.

40. On at least one specified payday, Defendant failed to pay Plaintiff both overtime and any wages at all, in violation of the minimum wage mandates of the FLSA.

41. 29 U.S.C. §§ 206, 207, and 216(b), among other laws, entitle a plaintiff to recover all unpaid wages and overtime wages, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs when their employer has failed to pay minimum wage or overtime, for which the plaintiff prays.

42. Defendant has willfully failed and refused to pay Plaintiff overtime wages as required by the FLSA.

## JURY DEMAND

43. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests judgment against Defendants as follows:

a. For all actual damages, plus any permissible interest, in an amount to be determined at trial, including all unpaid overtime and any other unpaid wages earned between May 2018 and May 2019, which are estimated to be at least $18,514;

b. For an additional amount equal to the amount of unpaid overtime wages, estimated to be $18,514, as liquidated damages pursuant to 29 U.S.C. § 216(b) along with any other applicable statutory damages resulting from the unpaid overtime and wages earned between May 2018 and May 2019;

c. For attorneys' fees and costs;

d. For any other such relief that the Court deems just and proper.

DATED April 16, 2020.

**COHNE KINGHORN**

By:  /s/ Lisa R. Petersen
Lisa R. Petersen
Attorneys for Plaintiffs

Plaintiffs' Address:
111 East Broadway, 11th Floor
Salt Lake City, UT  84111